UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KOKOUVI M. A., | Case No. 23-CV-1696 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER |
| MERRICK B. GARLAND, U.S. Attorney General; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; TAE D. JOHNSON, Acting Director, Immigration and Customs Enforcement; MARCOS CHARLES, Director, St. Paul Field Office Immigration and Customs Enforcement; and JOEL BROTT, Sheriff, Sherburne County, | |
| Respondents. | |

---

Anderson Tuggle, FAEGRE DRINKER BIDDLE & REATH LLP, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on the objection of respondents Merrick Garland, Alejandro Mayorkas, Tae Johnson, and Marcos Charles[1] to the September 21, 2023 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung. Judge Leung recommends granting the petition in part and denying it in part; specifically, Judge Leung recommends ordering a bond hearing for petitioner Kokouvi M. A. before

---

[1] Respondent Joel Brott has not responded to the petition.

an immigration judge at which the government would bear the burden of proving by clear-and-convincing evidence that Kokouvi should remain detained for the duration of his immigration proceedings. The Court has conducted a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules the respondents' objection and adopts Judge Leung's R&R.

This Court stands by its analysis in *Muse v. Sessions*, 409 F. Supp. 3d 707 (D. Minn. 2018) with respect to the need for a bond hearing when—as is the case here—detention under 8 U.S.C. § 1226(c) ceases to be "brief." As to the burden of proof, the Court find persuasive Judge Tostrud's reasoning in *Pedro O. v. Garland*, 543 F. Supp. 3d 733, 741–744 (D. Minn. 2021), and will thus order that the government bear the burden of proving by clear-and-convincing evidence that continued detention of Kokouvi is warranted. *See, e.g.*, *Zackaria D. M. v. Garland*, No. 21-CV-2629 (SRN/LIB), 2022 WL 16541084, at *3–7 (D. Minn. Oct. 28, 2022) (ordering government to bear burden of proof under similar circumstances because "federal courts have a duty to fashion a full remedy for constitutional due process violations" (citing *Pedro O.*, 543 F. Supp. 3d at 741)); *Jaime M. v. Garland*, No. 21-CV-743 (NEB/BRT), 2021 WL 5567864, at *3–4 (D. Minn. Nov. 29, 2021) (noting that courts must order government to bear burden of proof in bond hearing because immigration judges view themselves bound to place burden on petitioner "absent a district court order" (citing *Omar M. v. Garland*, No. 20-CV-1784 (NEB/BRT), 2021 WL 3442337, at *6 (D. Minn. Mar. 29, 2021))).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES respondents' objection [ECF No. 11] and ADOPTS the R&R [ECF No. 10].  IT IS HEREBY ORDERED THAT the Petition for Writ of Habeas Corpus [ECF No. 2] is GRANTED IN PART and DENIED IN PART as follows:

1. Respondents Merrick Garland, Alejandro Mayorkas, Tae Johnson, and Marcos Charles are ordered to ensure that petitioner receives an individualized bond hearing before an Immigration Judge within 21 days of this order, at which hearing the Department of Homeland Security shall bear the burden of proving, by clear-and-convincing evidence, that no condition or combination of conditions of release and parole (including petitioner's ability to post bond) will ensure the safety of the community or the petitioner's appearance at future immigration proceedings.

2. Absent further Court order, respondents are ordered to release petitioner on appropriate conditions if such bond hearing does not take place within 21 days.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 25, 2023

 s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court