UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KOKOUVI M. A., | Case No. 23-CV-1696 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER |
| MERRICK B. GARLAND, U.S. Attorney General; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; TAE D. JOHNSON, Acting Director, Immigration and Customs Enforcement; MARCOS CHARLES, Director, St. Paul Field Office Immigration and Customs Enforcement; and JOEL BROTT, Sheriff, Sherburne County, | |
| Respondents. | |

Anderson Tuggle, FAEGRE DRINKER BIDDLE & REATH LLP, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Kokouvi M. A.'s motion to enforce the habeas order entered by the Court on October 25, 2023. ECF No. 16. For the reasons that follow, the Court denies the motion.

In its October 25 order, the Court granted habeas relief to Kokouvi and ordered respondents Merrick Garland, Alejandro Mayorkas, Tae Johnson, and Marcos Charles to ensure that Kokouvi received an individualized bond hearing before an Immigration

Judge ("IJ"). *See* Order, ECF No. 13. The Court further ordered that, at the bond hearing, the Department of Homeland Security ("DHS") would bear the burden of proving by clear-and-convincing evidence that no conditions of release would ensure the safety of the community or Kokouvi's appearance at future immigration proceedings. *See id.* On November 9, 2023, Kokouvi received the hearing ordered by the Court, after which the presiding IJ ordered that Kokouvi be released on a $10,000 bond and other conditions. *See* Tuggle Decl. Ex A, ECF No. 18-1.

DHS immediately appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and at the same time sought a discretionary stay of the IJ's decision pending resolution of the appeal pursuant to 8 C.F.R. § 1003.19(i)(1). *See* Tuggle Decl. Ex. B, ECF No. 18-2. Before Kokouvi could docket his opposition to DHS's motion for a stay, the BIA granted the motion and issued the stay, effectively keeping Kokouvi in custody until the BIA resolves DHS's appeal. *See* Tuggle Decl. ¶¶ 6–10, ECF No. 18; Tuggle Decl. Ex. D, ECF No. 18-4. Kokouvi promptly filed a motion for reconsideration with the BIA; as far as the Court knows, that motion is pending. *See* Tuggle Decl. Ex. E, ECF No. 18-5.

Kokouvi now asks this Court to "enforce" its October 25 order by requiring the respondents to release him within five days, on the same bond and conditions ordered by the IJ. *See* ECF No. 16. But Kokouvi has already obtained every bit of the relief that

he sought and that the Court awarded. Kokouvi did not ask—and the Court did not order—that he be *released*. Kokouvi asked—and the Court ordered—that he be given a *hearing* before an IJ at which the government bore the burden of proving, by clear-and-convincing evidence, that he should remain detained. Respondents did exactly what the Court ordered them to do. There is nothing for this Court to "enforce."

What Kokouvi really seeks is not enforcement of this Court's order that he be given a hearing, but enforcement of the IJ's order that he be released on bond. That, however, would far exceed the relief that Kokouvi sought (and that the Court granted) in this habeas proceeding. *See* Pet. 24 (seeking writ of habeas corpus ordering respondents to provide bond hearing before IJ at which government bears burden of proving that he is danger to community or flight risk). Moreover, the Court has doubts about whether it has jurisdiction to essentially review and reverse an order of the BIA granting a stay pending the BIA's resolution of an administrative appeal.

Finally, even if the Court agreed that Kokouvi was deprived of due process when the BIA granted the government's motion for a stay before Kokouvi had a chance to respond to that motion—and even if the Court had the authority to intervene in the ongoing administrative process—the appropriate remedy would not be to release Kokouvi, but to order that he be heard in opposition to the government's motion. As a practical matter, however, Kokouvi has already been given that opportunity, as he was

able to make his arguments in his (pending) motion for reconsideration. That opportunity has likely "cured" any due-process violation. *See Organista v. Sessions*, No. CV-18-00285-PHX-GMS (MHB), 2018 WL 776241, at *3 (D. Ariz. Feb. 8, 2018) (finding that petitioner who did not receive opportunity to contest discretionary stay of release had not shown likelihood of success on claim that he had not received sufficient opportunity to be heard, given availability of reconsideration motion as post-deprivation remedy); Report & Recommendation at 7–10, *Kenji L.G. v. Barr*, Case No. 20-CV-1322 (JRT/KMM) (July 30,2020), ECF No. 19 (finding same in absence of showing that immigration detainee had "filed a motion for reconsideration that was wholly ignored by the BIA").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that petitioner's motion to enforce the Court's October 25 order [ECF No. 16] is DENIED.

Dated: December 7, 2023                    s/Patrick J. Schiltz
                                                              Patrick J. Schiltz, Chief Judge
                                                              United States District Court